UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASIM ALKHATEEB, et al.,

          Plaintiffs,          No. 02-CV-73742-DT

vs.                                      Hon. Gerald E. Rosen

THE CHARTER TOWNSHIP
OF WATERFORD, et al.,

          Defendants.
_____/

MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND
DENYING PLAINTIFFS' MOTION FOR RETAXATION OF COSTS

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     March 31, 2008

        PRESENT:  Honorable Gerald E. Rosen
                             United States District Judge

I. INTRODUCTION

      This Section 1983 police excessive force case was tried, in part, before a jury following the Court's dismissal of several of Plaintiffs' claims on Defendants' motion for summary judgment, and Defendants' appeal of the Court's ruling denying them qualified immunity. The jury returned a verdict in favor of the Defendant. The matter is now before the Court on Defendants' motion for attorneys' fees and the Plaintiffs' motion for retaxation of costs. These motions have been fully briefed by the parties.

1

Having reviewed and considered the parties' briefs and supporting documents, and the Court's entire record of this matter, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Basim Alkhateeb, Qasim Akhateeb and Abedulah Alkhateeb brought this action under 42 U.S.C. § 1983 alleging civil rights claims and a number of Michigan state law claims against Defendants the Charter Township of Waterford, Detective Rick Lemos, Officer Dwayne Warner, Officer Brent Ross and Officer Scott Good. Following the close of discovery, the parties filed Cross-Motions for Summary and Partial Summary Judgment. The Court granted Defendants' motion with respect to several of Plaintiffs' claims but denied their request for summary judgment as to Plaintiff Basim Alkhateeb's claim of excessive force, both on the merits and on qualified immunity grounds.[1]

Defendants thereafter took an interlocutory appeal on the Court's denial of qualified immunity. The Sixth Circuit affirmed this Court's ruling, and the case was returned to this Court for trial on Basim Alkhateeb's excessive force claim.

The matter was tried before a jury over a five-day period in February 2007. At the close of Plaintiff's proofs, two of the defendants were dismissed on Defendants' Motion for Judgment as a Matter of Law. Plaintiff's claim against the one remaining defendant,

---

[1] The Court also denied Plaintiffs' cross-motion for partial summary judgment.

Detective Rick Lemos, was submitted to the jury. The jury returned a verdict in favor of the Defendant.

Following trial, Defendants, as prevailing parties, filed a Bill of Costs pursuant to 28 U.S.C. § 1920, seeking payment of costs in the amount of $9,939.47. The Clerk disallowed some of the amounts requested and entered a Taxed Bill of Costs in the amount of $6,792.47.

As prevailing parties in a federal civil rights action, Defendants also filed a motion pursuant to 42 U.S.C. § 1988, asking the Court order Plaintiffs to pay them attorneys' fees in the amount of $268,756.50. Plaintiffs have responded in opposition to Defendants' request. Plaintiffs also contend that the amount of costs taxed by the clerk, $6,792.47, is excessive, and move for a retaxation of costs.

## III. DISCUSSION

The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92-318. . . or title VI of the Civil Rights Act of 1964. . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

While courts have concluded that prevailing plaintiffs should ordinarily recover attorneys' fees, *Smith v. Heath*, 691 F.2d 220, 228 (6th Cir. 1982), a prevailing defendant is not routinely or automatically entitled to such an award. As the Sixth Circuit explained

in reversing the district court's award of attorneys' fees to the defendants in *Riddle v. Egensperger*, 266 F.3d 542, (6th Cir. 2001):

> An award of attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct. . . . A prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

*Id.* (Citations and internal quotation marks omitted.)

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694 (1978),[2] the Supreme Court discussed the "frivolous, unreasonable or without foundation" standard:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.
>
> . . . Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

434 U.S. at 421.

---

[2] Although *Christiansburg* dealt with attorney fee awards in Title VII cases, the Supreme Court has held that the standards enunciated by the Court in that case apply equally in § 1983 cases. *See Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178 (1980).

Applying these standards in *Riddle*, the Sixth Circuit determined that the district court erred in awarding the defendants $119,202.01 in attorneys fees and costs. In that case, the plaintiffs claimed civil rights violations under 42 U.S.C. §§ 1983, 1985 and 1986, based on Riddle's First, Fourth and Fourteenth Amendment rights, and state law claims for false arrest, malicious prosecution, conspiracy, intentional infliction of emotional distress, and loss of consortium of Riddle's co-plaintiff, Deborah Irvine. The district court granted the defendants' motion for summary judgment on all claims. The district court's award of fees was based on the summary judgment ruling.

The Court of Appeals found insufficient basis for awarding fees to the prevailing defendants and reversed the district court noting the following:

> The District Court and the Magistrate Judge's findings regarding the award of attorney fees were based on the findings on Defendants' summary judgment motion, after discovery had taken place and the parties had filed their respective briefs. Neither the District Court nor the Magistrate Judge made a finding that the claims were "groundless at the outset" nor a finding that Riddle and Irvine continued to litigate after it "clearly" became so.
>
> * * *
>
> A plaintiff who continues to litigate claims after discovery has concluded, proceeds to summary judgment, and the judge thereafter rules that the claims are without merit, does not necessarily support the conclusion that the plaintiff's claims were frivolous, unreasonable or groundless, especially if there are viable claims intertwined with the meritless claims. Even though the claims after discovery are found to be without merit by a court, such a finding does not equate with a determination that the claims were without foundation when the complaint was initially filed. . . . If the underlying claims and Appellants' actions were frivolous, Defendants could have used Rule 12(b)(6) to narrow the claims at the onset, rather than engaging in extensive discovery in order to

5

> obtain summary judgment. Rule 56 is a tool to narrow the factual and legal issues to be brought to trial but does not necessarily mean that a finding not in favor of a plaintiff means that the plaintiff has no basis for filing a complaint. . . . A potential plaintiff's fear of an increased risk of being assessed attorney fees after extensive discovery has taken place and who continues to proceed to a ruling on a summary judgment motion, would create a disincentive to the enforcement of civil rights laws and would have a chilling effect on a plaintiff who seeks to enforce his/her civil rights, especially against a governmental official.

206 F.3d at 550-51 (Citations omitted). *See also Tahfs v. Proctor*, 316 F.3d 584, 595-96 (6th Cir. 2003) (§ 1988 fees should be awarded to defendants only in truly "egregious" cases).

The same factors that persuaded the Court of Appeals to reverse the district court's award of attorneys' fees in *Riddle* also persuade the Court here that a fee award to the Defendants is not warranted. As in *Riddle*, this Court never made a finding that Plaintiffs' Complaint was groundless at the outset. Moreover, Defendants did not move at the outset for dismissal of any of Plaintiffs' claims as a matter of law. Instead, as in *Riddle*, the parties engaged in extensive discovery and moved for summary judgment only after discovery was completed. And, in ruling on Defendants' motion, the Court did not grant their requested dismissal of all of Plaintiffs' claims; the Court specifically determined that Defendants were *not* entitled to summary judgment on Plaintiffs' Fourth Amendment excessive force claim and the Sixth Circuit agreed with this Court's conclusion. Just as the *Christiansberg* Court found, the fact that Plaintiffs ultimately did not prevail at trial is an insufficient basis for an award of attorneys' fees to the

6

Defendants.

That the Court was persuaded that Plaintiffs' Complaint was not meritless is further evidenced by the fact that the Court adjourned the original hearing on Defendants' motion for summary judgment and attempted to get the parties to settle the matter. If the Court were convinced that Plaintiffs' Complaint was frivolous and that there was absolutely no merit whatsoever to their claims, it would not have pressed the parties to attempt to settle the case. Indeed, after hearing all the evidence at trial, the Court was left with the distinct impression that this was a close case at least, as to the remaining claim, and could have gone either way.

In sum, nothing in the record indicates that Plaintiffs held anything but an honest belief that they had suffered a violation of their civil rights when they filed their Complaint. That the Court (as to some claims) and the jury (as to the remaining claim) ultimately disagreed with them does not establish that they acted in bad faith in bringing this suit, or did so attempting to harass, embarrass or abuse the Defendants.

Under these circumstances, the Court finds that imposing upon Plaintiffs the extreme sanction of having to pay Defendants' attorneys' fees is not called for here. This is simply not the kind of "egregious case" that merits an award of § 1988 fees.

However, the Court declines the invitation to retax Defendants' bill of costs. Plaintiffs' only argument for retaxation of the costs found recoverable by the Clerk is that the amounts sought for court reporters' fees was "excessive" and should be disallowed

7

because only four of the witnesses deposed were called to testify at trial. Plaintiffs apparently want the Court to ignore the fact that all of the witness depositions were used by Defendants in connection with their motion for summary judgment. This is sufficient "use in the case" to warrant an order taxing costs for the depositions under 28 U.S.C. § 1920.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion for Attorney Fees **[Dkt. # 125]** is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Retaxation of Costs **[Dkt. # 130]** is DENIED. Accordingly,

IT IS FURTHER ORDERED that pursuant to the Taxed Bill of Costs entered by the Clerk, Plaintiffs shall pay to Defendants costs in the amount of $6,792.47.

SO ORDERED.

                                       s/Gerald E. Rosen
                                       Gerald E. Rosen
                                       United States District Judge

Dated: March 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2008, by electronic and/or ordinary mail.

                               s/LaShawn R. Saulsberry
                               Case Manager